IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRYAN MAURICE BARKSDALE, #711336 )<br>Petitioner, )<br>)<br>v. )<br>)<br>NATHANIEL QUARTERMAN, )<br>Director, Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>Respondent. ) | 3:08-CV-0736-K |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 by a state prisoner.

Parties: Petitioner is presently confined at the Ramsey Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Rosharon, Texas. Respondent is the Director of TDCJ-CID.

Statement of the Case: On May 11, 1995, following his pleas of guilty, Petitioner was sentenced to twenty-year concurrent sentences for Delivery of a Controlled Substance in Dallas County, Texas, in cause numbers F91-39837 and F90-55882. Following a brief period on parole, Petitioner returned to TDCJ, where in April 2004, he committed the offense of Assault on

a Public Servant at the Wynne Unit in Huntsville, Texas. *See State v. Barksdale*, No. 22651 (278th Dist. Ct., Walker County, Texas). On February 3, 2006, he was sentenced to three-years imprisonment for the assault conviction to be served consecutively to his Dallas County sentence in No. F91-39837.

On March 31, 2006, Petitioner filed a time-credit dispute with TDCJ challenging the computation of his maximum term of imprisonment for purposes of mandatory supervision release on his Dallas County sentences. On September 13, 2006, TDCJ concluded that there was no error in his current time calculations. Thereafter, on September 17, 2007, Petitioner filed two state habeas corpus applications, pursuant to art. 11.07, Texas Code of Criminal Procedure, challenging the timekeeping of each of his concurrent Dallas County sentences for delivery of a controlled substance. *See Ex parte Barksdale*, Nos. WR-69,606-01, at 2, and WR69,606-02, at 2.[1] The Texas Court of Criminal Appeals (TCCA) denied both applications without written order on the findings of the trial court on April 16, 2008. *Id.*

In his federal habeas petition, filed on April 28, 2008, Petitioner alleges that Respondent has violated his right to mandatory supervision release on his Dallas County sentences. In three grounds, he raises the following claims: (1) TDCJ and the Board of Pardons and Paroles (Board) failed to honor the plea agreements and judgments on his Dallas County convictions; (2) trial counsel rendered ineffective assistance when he failed to admonish Petitioner that his Walker County plea would have an effect on his liberty interest in mandatory supervision on his Dallas

---

[1] Although the state applications pertain to Nos. F90-55882-TI and F91-3937-VI, respectively, they are identical in all other respects.

County convictions; and (3) the extension of his mandatory supervision release on his Dallas County convictions amounted to double jeopardy and ex post facto violations.[2]

Findings and Conclusions: In response to this court's show cause order filed on May 20, 2008, Respondent filed a motion to transfer the petition to the Southern District of Texas, claiming Petitioner sought to challenge his Walker County conviction for assault on a public servant and the effect that conviction had on his prior Dallas County drug convictions. Liberally construing the petition, the court interpreted the petition as attacking the Board's computation of the mandatory supervision release date on the Dallas County sentences. As a result, this court denied Respondent's motion to transfer and directed him to respond further.

On August 29, 2008, Respondent filed his answer and brief. Based upon my review of the state court record – i.e., the state writ application numbers WR-69,606-01 and WR-69,606-02, and the pleadings and papers filed by Barksdale and Respondent -- I find that the federal petition should be denied and dismissed.

In his second ground for relief, Barksdale alleges that he received ineffective assistance of counsel from the attorney who represented him in the Walker County assault on a public servant case. He claims that the three-year term of imprisonment imposed consecutively to his Dallas County sentences has had an adverse effect on the computation of his mandatory supervision release date on those sentences. Regardless of how Petitioner seeks to characterize this ground for relief, it constitutes a collateral attack on the validity of his conviction in Walker

---

[2] For purposes of this recommendation, the petition is deemed filed on April 23, 2008, the date Petitioner signed it and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

County in cause number 22651.  As such, venue is not be proper in the Northern District of Texas.  *See* 28 U.S.C. § 2241(d); *accord Story v. Collins*, 920 F.2d 1247, 1250-51 (5th Cir. 1991).

Nevertheless, the second ground remains unexhausted.  Art. 11.07, sec. 3(b) prescribes the procedure to be followed by a Texas state prisoner who seeks to attack a final state conviction.  Specifically a habeas application must be filed with the clerk of the court in which the challenged conviction was obtained.  In this case, any challenge with respect to counsel's representation in No. 22651 must be filed in Walker County.  Barksdale's only challenge with respect to his attorney's representation was that raised in his two art. 11.07 applications filed in Dallas County, *supra*.[3]  Since no "properly filed petition" attacking his Walker County attorney's representation has been presented to the Texas state courts, Petitioner has failed to exhaust state remedies and his second ground should be dismissed without prejudice for failure to exhaust state remedies.  *See* 28 U.S.C. § 2254(b)(1).

In his remaining two grounds for relief, Petitioner attacks the manner in which the Board has calculated the date on which he is entitled to release on mandatory supervision with respect to his concurrent Dallas County sentences.  In his answer, Respondent represents that the Board granted parole on these convictions on June 9, 2008, about a month after the filing of the federal petition.  *See* Answer at Exh. B.  The grant of parole on the Dallas County convictions requires this court to examine *sua sponte* whether it continues to have jurisdiction over the remaining two grounds for relief.  *See* Fed. R. Civ. P. 12(h)(3) (stating that "[w]henever it appears by

---

[3] In the identical findings in the art. 11.07 applications, the Dallas trial court noted that Barksdale was <u>not</u> challenging the effectiveness of his attorney in the Dallas cases, but that of his attorney in a "collateral case."  *Eg. see* No. WR-69,606-01 at 053, Findings of Fact No. 6.

suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' " *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395, 100 S. Ct. 1202, 1208 (1980). Under the case-or-controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 983 (1998) (quoting *Lewis v. Continental Bank Corp*, 494 U.S. 472, 477-78, 110 S. Ct. 1249, 1254 (1990)). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Geraghty*, 455 U.S. at 396, 100 S. Ct. at 1208 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). When a petitioner does not attack the validity of his conviction, but merely contests the imposition and duration of his confinement, the case becomes moot when he is no longer confined. *Lane v. Williams,* 455 U.S. 624, 631, 102 S. Ct. 1322, 1327 (1982). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *American Med. Ass'n v. Bowen,* 857 F.2d 267, 270 (5th Cir. 1988).

The only relief sought in the first and third grounds for relief was release to mandatory supervision on the concurrent Dallas County sentences. Since the Board paroled Petitioner on his Dallas County sentences in June 2008, his contention that he should have been released to mandatory supervision is now moot and the District Court lacks jurisdiction to consider his claims. *See Ex parte Cowan,* 171 S.W.3d 890, 890 (Tex. Crim. App., 2005) (noting that the first claim – whether applicant should have been released to mandatory supervision on his first sentence – became moot because applicant had been paroled, and addressing only second claim

5

concerning the projected maximum release (or discharge) date on his consecutive sentence).

Even assuming the first and third grounds were not moot, they fail on the merits. In Texas, "an inmate serving consecutive sentences is not eligible for release to mandatory supervision on any but the last of his consecutive sentences." *Ex parte Ruthart,* 980 S.W.2d 469, 473 (Tex. Crim. App. 1998); *see also Ex parte Cowan,* 171 S.W.3d at 894 (reaffirming the court's holding in *Ruthart* ). Here, Barksdale was subjected to one consecutive sentence (the Walker County sentence) upon the completion of his Dallas County concurrent sentences. As petitioner was *not* eligible for mandatory supervised release on his Dallas County sentences, he would not have been entitled to federal habeas corpus relief on the first and third grounds.[4]

RECOMMENDATION:

For the foregoing reasons, it is recommended that the second ground be DISMISSED without prejudice for failure to exhaust available state court remedies.[5]

It is further recommended that the first and third grounds be DISMISSED for want of jurisdiction, the same being moot. *See* Fed. R. Civ. P. 12(h)(3). Alternatively, the first and third grounds should be DENIED and DISMISSED with prejudice.

---

[4] In light of the above disposition, the court need not address whether the petition is barred by the one-year statute of limitations.

[5] The court cautions Petitioner that the 1996 amendment to the habeas corpus statute imposes a one-year statute of limitations for filing a habeas corpus petition in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this and any subsequent federal petition that he may file with respect to his Walker County conviction.

A copy of this recommendation will be mailed to Petitioner and counsel for Respondent.

Signed this 2nd day of December, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.